**Justin D. Leonard**, OSB 033736
  Direct: 971.634.0192
  Email: jleonard@LLG-LLC.com
**Timothy A. Solomon**, OSB 072573
  Direct: 971.634.0194
  Email: tsolomon@LLG-LLC.com
**LEONARD LAW GROUP** LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
Fax: 971.634.0250

  Counsel for Jeanne E. Huffman, Ch. 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Northwest R.V. Sales, Inc.,**<br><br>                    Debtor. | Case No. 16-63655-tmb7<br><br>**MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS** |

Jeanne E. Huffman (the "**Trustee**"), chapter 7 trustee of the estate of the above-captioned debtor (the "**Debtor**"), hereby moves the Court for an order, pursuant to 11 U.S.C. §§ 105(a), 521, 542, and Federal Rules of Bankruptcy Procedure 4002 and 9001(5), both (1) designating the Trustee to perform certain duties of the Debtor, and (2) approving a supplemental notice to creditors, as set forth below.

This motion is supported by the attached Declarations of Jeanne E. Huffman and of Russell Johnson, the former principal of the Debtor as provided by his bankruptcy counsel. In support, the Trustee respectfully states as follows:

**Page 1 of 9 – MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7    Doc 28    Filed 04/13/17

## BACKGROUND

1.      The Debtor formerly operated a dealership selling new and used recreational vehicles and parts.

2.      Upon information and belief, after complaints from customers and consignors, the Debtor's dealership certificate was revoked in October 2016.

3.      Upon information and belief, both the Oregon Department of Justice and the Oregon Department of Motor Vehicles are investigating the Debtor for potential wrongdoing.

4.      The Debtor ceased operating on or about October 31, 2016.

5.      On or about November 1, 2016, the Debtor voluntarily entered into an assignment for the benefit of creditors (the "**ABC**").

6.      Kenneth Eiler was the assignee of the Debtor's assets in the ABC. *See* attached Declaration of Jeanne E. Huffman ("**Huffman Dec.**"), at ¶ 4.

7.      Mr. Eiler took possession of assets of the Debtor, including certain books and records of the Debtor, and liquidated certain assets of the Debtor. Mr. Eiler also compiled a list of potential creditors and sent out a notice of a claims bar date, as well as advising of other issues in the ABC. *See id.* at ¶ 5. A copy of the Notice sent by Mr. Eiler is attached to the Huffman Dec. as Exhibit A.

8.      On December 21, 2016, the above-captioned involuntary chapter 7 case was commenced against the Debtor. *See* Docket No. 1.

9.      No party contested the involuntary filing.

10.     On January 30, 2017, the Court entered its Order for Relief and Designating Person to Perform Duties of Debtor; Trustee Appointment (Docket No. 5) (the "**Order of Designation**").

11.     Upon the entry of the Order of Designation, the property held by Mr. Eiler as custodian pursuant to the ABC became property of the estate and subject to turnover to the Trustee. *See* 11 U.S.C. §§ 542, 543. Mr. Eiler has since turned over his records, including proofs

**Page 2 of 9 – MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7    Doc 28    Filed 04/13/17

of claim filed in the ABC, as well as the funds of the ABC remaining after the liquidation of the Debtor's assets by an auctioneer: approximately $25,000. *See* Huffman Dec. at ¶ 7.

12. The Court's Order of Designation (a) granted relief under Chapter 7 of Title 11 of the United States Code; (b) designated Russell Johnson, the President of the Debtor, to fulfill the duties of the Debtor in this case; and (c) appointed the Trustee as interim trustee of the estate. *See generally* Order of Designation.

13. Among other things, the Order of Designation required Mr. Johnson to file documents required under Fed. R. Bankr. P. 1007 by specified deadlines, and, if he failed to do so, to appear at a hearing before the Court on February 28, 2017 to explain any failure to comply with the Order of Designation. *See id*. at ¶ 4.

14. The Order of Designation also provided that, should Mr. Johnson fail to obey the Court's orders, the Court "may order a third person to perform the duties mentioned above and enter a judgment against you to pay such person reasonable compensation for the services performed and other reasonable costs." *Id.*

15. Mr. Johnson failed to comply with the Order of Designation, and also failed to appear at the February 28 hearing. At the February 28 hearing, the Court authorized the Trustee's counsel to submit a proposed order compelling Mr. Johnson's cooperation with the Order of Designation. *See* Docket No. 13 (Hearing Notes).

16. After the February 28 hearing, counsel to the Trustee learned that Mr. Johnson has retained personal legal counsel Ron Hoevet (to advise on potential criminal law issues) and Shawn Ryan (to advise on bankruptcy law issues). *See* Huffman Dec. at ¶ 10.

17. Counsel to the Trustee has been discussing Mr. Johnson's participation in the case going forward with Mr. Ryan. For purposes of this Motion, the Trustee was provided with a copy of the Declaration of Russell Johnson (the "**Johnson Dec.**"), which has been attached hereto. *See id.* at ¶ 11.

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

### Arranging a Continued Meeting of Creditors

18.      The initial meeting of creditors was originally scheduled for February 24, 2017, at 4:30 p.m. in Salem, Oregon. However, no notice of the meeting was served on creditors, and the meeting was adjourned by the Trustee.

19.      In his Declaration, Mr. Johnson asserts that he is willing to attend a continued meeting of creditors on May 4, 2017 and answer questions. *See* Johnson Dec. at ¶ 4.

20.      The Trustee has arranged with the United States Trustee and the Bankruptcy Court to hold the Meeting of Creditors at the Portland courthouse at 2:00 pm on May 4, 2017, in the 8th Floor Conference Room (accessible from the 7th Floor). *See* Huffman Dec. at ¶ 12.

21.      At this continued Meeting of Creditors, Mr. Johnson may assert his Fifth Amendment rights to some questions; however, the Trustee intends to ask them anyway. The Trustee also intends to provide her own general information to the creditors in attendance regarding the bankruptcy case. *See id.* at ¶ 13.

### Creditor Matrix & Bankruptcy Schedules

22.      Mr. Johnson will not complete the Debtor's matrix or schedules. His Declaration provides, he has "been advised by counsel to assert [his] rights pursuant to the Fifth Amendment of the United States Constitution in response to certain, anticipated questions, whether at the continued meeting of creditors, a FRBP 2004 exam, or otherwise, and to not complete the schedules and lists as provided in FRBP 1007(a)(2)." *See* Johnson Dec. at ¶ 5.

23.      Based on this statement in his Declaration, it appears Mr. Johnson will not assist with the preparation of lists and schedules for this chapter 7 proceeding, regardless of any order compelling him to do so.

24.      Notwithstanding Mr. Johnson's nonparticipation as designee, the Trustee believes that she and her counsel have prepared a complete creditor matrix containing actual and

**Page 4 of 9 –** **MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7    Doc 28    Filed 04/13/17

potential creditors of the Estate, attached hereto as **Exhibit 1**. This matrix is based on data obtained from a variety of sources, including from

(a)    Mr. Eiler as ABC assignee, including his schedules of those who filed proofs of claim in the ABC;

(b)    the QuickBooks records of the Debtor, which were held by the Debtor's CPA who recently turned them over;

(c)    the service list in the state court Traveler's surety bond interpleader action, referenced in Traveler's Motion for Relief from Stay (Doc. 25);

(d)    the Debtor's consignment agreements, showing lienholders and consigning parties who did not get paid, as well as the sales agreements indicating the buyers of those consigned RVs who did not received titles; and

(e)    communications of the Trustee and her counsel with interested parties since her appointment.

*See* Huffman Dec. at ¶ 14.

25.      The Trustee also believes she can complete reasonably accurate schedules of the Debtor, using documentation and records described above, as well as from the files of the Debtor's prior counsel, Robert J. Vanden Bos, and from the Debtor's CPA. *See id.* at ¶ 15.

26.      Prior to and during the ABC, the Debtor was represented by Mr. Vanden Bos. Mr. Vanden Bos no longer represents the Debtor, in this bankruptcy proceeding or otherwise. However, Mr. Vanden Bos has documents and information of the Debtor in his possession or control. *See* Huffman Dec., at ¶ 16. The Trustee contends that any documents of the Debtor in Mr. Vanden Bos's possession or otherwise are now estate property, and the Trustee holds any applicable privilege with respect to such documents. *See id.* at ¶ 17. Mr. Vanden Bos has turned over documents to Mr. Ryan as Mr. Johnson's bankruptcy law counsel,

**Page 5 of 9 – MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7   Doc 28   Filed 04/13/17

which Mr. Ryan is presently reviewing for alleged privilege issues so that a privilege log can be prepared. *See id.* at ¶ 18.

27.     The Trustee understands that for many years, the Debtor employed CPA Greg Rogers of Rogers Financial Services for tax preparation services. With permission of Mr. Ryan, Mr. Rogers has agreed to turn over the Debtor's QuickBooks file (purportedly containing the Debtor's financial records) as well as other records of the Debtor, including prior years' tax returns. Mr. Rogers completed his production to the Trustee last week. *See id.* at ¶ 19.

28.     The Trustee believes the documents and information obtained from Mr. Eiler and from Mr. Rogers, along with any additional documents and information held by Mr. Vanden Bos, will provide a basis for completing at least most of the Debtor's Schedules and Statement of Financial Affairs. To the extent such documents and information are not sufficient, the Trustee may seek to examine Mr. Johnson (although it seems unlikely he would answer questions) and/or subpoena third parties in an effort to obtain additional documents and information. *See id.* at ¶ 20.

## RELIEF REQUESTED

By this Motion, the Trustee seeks the entry of a supplemental order of designation:

(a) designating the Trustee to file, to the best of her ability under the circumstances, the documents required in Paragraph 3 of the Order of Designation, including uploading the creditor matrix in substantially the form attached as **Exhibit 1**;

(b) requiring Mr. Johnson to pay reasonable compensation for the services performed and other reasonable costs related to the preparation and filing of the documents required under the Order of Designation;

(c) authorizing the Trustee to reschedule a meeting of creditors for May 4, 2017, at 2:00 p.m.;

**Page 6 of 9 – MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

Leonard Law Group LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7     Doc 28     Filed 04/13/17

(d) compelling Mr. Johnson to appear and testify at the rescheduled meeting of creditors;

(e) authorizing and directing the Clerk of the Court to send an Official Form 309D Notice of the rescheduled meeting of creditors and deadlines for filing proofs of claim, together with the Court's standard form of "Order and Notice of Time to File Claims" (Form OFT) with instructions on filing a claim in this Court; and

(f) approving the form of a supplemental notice to creditors, substantially in the form attached hereto as **Exhibit 2**, to be served with the Official Form 309D Notice and the OFT.

## BASIS FOR RELIEF REQUESTED

This is an unusual case. The Debtor has cash and other assets, including avoidance actions, to be administered for the benefit of creditors. Yet the Debtor's principal is unwilling to cooperate, and it appears doubtful that he would comply with any further order of the Court compelling him to do so. In addition, there appears to be no other person affiliated with the Debtor with sufficient knowledge to perform the duties of designee under 11 U.S.C. § 521.

Under the circumstances, the Trustee appears to be the party in the best position to prepare a creditor matrix, notice the meeting of creditors, file Schedules, and move this case forward. Accordingly, the Trustee requests the entry of an order designating the Trustee as designee of the Debtor. In addition, the Trustee requests that, as provided for in the Order of Designation, the Court require Mr. Johnson to pay reasonable compensation for the services performed by the Trustee (and parties assisting the Trustee), and other reasonable costs related to the tasks described herein, based on a further application and order.

As noted above, a meeting of creditors was originally scheduled for February 24, 2017, but no notice was provided to creditors and the meeting was continued. The Trustee requests authority to reschedule a meeting of creditors for May 4, 2017, at 2:00 p.m., and that the

Page 7 of 9 – **MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7    Doc 28    Filed 04/13/17

Court authorize and direct the Clerk of the Court to send an Official Form 309D Notice of the rescheduled meeting of creditors and simultaneously notice the deadline for filing proofs of claim using the Court's standard form of "Order and Notice of Time to File Claims" (Form OFT), which provides instructions on filing a proof of claim in this Court.[1]

The Trustee further requests that the Court approve the form of a supplemental notice to creditors, substantially in the form attached hereto as **Exhibit 2,** to be included and served with the Official Form 309D Notice and Form OFT. The purpose of this request is to provide additional information about this Chapter 7 case to creditors – many of whom are likely to be unaware of the case filing and may be confused by receiving bankruptcy notices after having already received from Mr. Eiler a now-obsolete notice of the ABC claims bar date. The Trustee's form of supplemental notice explains the transition of this proceeding from the ABC to a bankruptcy case, explains in plain language the need to file new proofs of claim, and advises creditors to monitor and participate in the bankruptcy case if they choose to do so.

Finally, although Mr. Johnson has indicated that he intends to invoke his Fifth Amendment right against self-incrimination, the Trustee nevertheless requests the Court include in any order granting the relief requested herein a provision requiring Mr. Johnson to appear and answer questions at the rescheduled meeting of creditors – as he has represented he is willing to do.

As this Court is aware, a party cannot invoke the privilege against self-incrimination in a blanket fashion. Rather, that party must be ready to show, related to each question, that there is a real danger of incrimination, that there is some nexus of risk, or that the information provided will provide a link in the chain of information required for prosecution. *See, e.g.*, *McKnew v. Wilson (In re McKnew)*, 2015 Bankr. LEXIS 2205, *2-6 (Bankr. C.D. Cal. July 2, 2015); *In re Connelly*, 59 B.R. 421, 430-34 (Bankr. N.D. Ill. 1986). If and when Mr. Johnson

---

[1]  The Trustee anticipates there will be funds available for distribution in this case, and setting a claims bar date is therefore appropriate at this time.

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

invokes a privilege under the Fifth Amendment at the meeting of creditors or otherwise, the propriety of doing so can be addressed. Besides Mr. Johnson's testimony, the Trustee can offer general information to the creditors in attendance at the Meeting of Creditors based on her investigation to date.

## CONCLUSION

WHEREFORE, the Trustee requests that the Court enter the proposed Order attached hereto.

DATED: April 13, 2017

LEONARD LAW GROUP LLC

By: /s/ Justin D. Leonard
    Justin D. Leonard, OSB 033736
    Timothy A. Solomon, OSB 072573
    Counsel for Trustee Jeanne E. Huffman

**Page 9 of 9 – MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7    Doc 28    Filed 04/13/17

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 16-63655-tmb7 |
| **Northwest R.V. Sales, Inc.,** | **ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS** |
| Debtor. | |

      This matter comes before the Court on the motion (the "**Motion**") of Jeanne E. Huffman (the "**Trustee**"), chapter 7 trustee of the estate of the above-captioned debtor (the "**Debtor**"), for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 521, 542, and Federal Rules of Bankruptcy Procedure 4002 and 9001(5), both (1) designating the Trustee to perform certain duties of the Debtor, and (2) approving a supplemental notice to creditors. The Court having considered the Motion, and being otherwise duly advised and informed,

      NOW, THEREFORE, it is ORDERED:

      1.    The Trustee is hereby designated to file, to the best of her ability under the circumstances, the documents required in Paragraph 3 of the Court's prior Order for Relief and Designating Person to Perform Duties of Debtor; Trustee Appointment (Docket No. 5),

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

including promptly uploading the creditor matrix in substantially the form attached as **Exhibit 1** to the Motion.

2.       Russell Johnson, the President of the Debtor, shall pay reasonable compensation to the Trustee and her professionals for the services performed and other reasonable costs related to the preparation and filing of the documents required hereunder, pursuant to a separate application of the Trustee for review and approval by this Court.

3.       The Trustee may reschedule a meeting of creditors for May 4, 2017, at 2:00 p.m. (the "**Meeting of Creditors**").

4.       Mr. Johnson shall appear and testify at the Meeting of Creditors.

5.       The Clerk of the Court is authorized and directed to send an Official Form 309D Notice of the rescheduled meeting of creditors and deadlines for filing proofs of claim, together with the Court's standard form of "Order and Notice of Time to File Claims" (Form OFT) with instructions on filing a claim in this Court.

6.       The form of a supplemental notice to creditors, substantially in the form attached to this Order (the "**Supplemental Notice**"), is hereby approved.

7.       The Clerk of the Court shall serve a copy of the Supplemental Notice upon the creditor matrix, together with the Official Form 309D Notice and the OFT.

# # #

<u>LBR 9021-1(a) Certification</u>: *TBD*.

Presented by:
LEONARD LAW GROUP LLC
By:  /s/ Justin D. Leonard
      Justin D. Leonard, OSB #033736
      Direct: 971.634.0192
      Email: jleonard@LLG-LLC.com
Counsel for Ch. 7 Trustee Jeanne E. Huffman

cc:  Interested Parties, by ECF and by US Mail as follows: *none*

**Page 2 of 2 –**    **ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 16-63655-tmb7   Doc 28   Filed 04/13/17

700 Credit
27777 Franklin Road, Ste 1850
Southfield, MI 48034-

Aluminum Screen & Window Co. Inc.
2590 Silverton Rd.
Salem, OR 97301-

Angela Poore
17320 SE Ticklecreek Rd.
Boring, OR 97009

AUTOMOXIE
2356 NE FRANCIS PL
GRESHAM, OR 97030-

Bank of America (Credit Card)
100 N. Tyron St. Ste 170
Charlotte, NC 28202-

Bank of America (Merchant Services)
150 North College Street 15th Floor
Charlotte, NC 28202-

Bullseye Products LLC
3595 Polaris Ave.
Las Vegas, NV 89103-

Carlos Rebelez
c/o Erica Menze, Esq.
POB 40044
Portland, OR 97240-

Christine Spillar
c/o Adam Hanson
838 Commercial St. NE
Salem, OR 97301-

Community Classifieds
PO Box 22109
PORTLAND, OR 97269-2109

ADVANTIS
C/O MONSON LAW OFFICE PC
1865 NW 169TH PL. STE 208
BEAVERTON, OR 97006-

American Guardian Warranty Services,
Inc,
C/O JOSEPH SAUBER ESQ.
4N701 SCHOOL RD
ST. CHARLES, IL 60175-

API
2535 25th SE
Salem, OR 97302-

AutoSoft Net
POB 13236
Oakland, CA 94661-

Barbara Cox
4644 Utah Ave. NE
Salem, OR 97305-

Buy.Sell.Ride
8116 SW Durham Rd.
Portland , OR 97224

Century Link (6492)
740 State Street
Salem, OR 97301-

Clarence and Shirley Dillon
POB 1034
Silverton, OR 97381-

Corey Meserve and Isabelle Nava
5355 River Rd. N.
#111
Keizer, OR 97303-

Alsco
Attn: Bianca Johnson
POB 21509
Eugene, OR 97402-

AMERICAN LINEN
C/O PROFESSIONAL CREDIT
SERVICE
POB 7548
SPRINGFIELD, OR 97475-

Atco American Galvanized
3200 West Hills Rd.
Philomath, OR 97370-

Bank of America
150 North College Street 15th Floor
Charlotte, NC 28202-

BENJAMIN HERBERT
150 SUMMERWOOD
BEAUMONT, TX 77706-

Carlos and Kathleen Rebelez
POB 440
SUBLIMITY, OR 97385-

Chase Bank (Credit Card)
270 Park Avenue
New York, NY 10017-

Clyde and Marilyn Johnson
760 Kingwood Ave.
Mill City, OR 97360-

Cornwell Tools/Shawn Swisher
1335 Cara Ct. NW
Salem, OR 97304-

**EXHIBIT 1**
**1 of 6**

Credit Union One
re: Watson, Stan & Cecilia
200 East Champaign Avenue
Rantoul, IL 61866-2930

CU Direct Corporation
2855 E Gausti Rd., #500
Ontario, CA 91761-

D & D Satellite Inc.
1832 Lancaster Drive NE
Salem, OR 97305-

D&O Garbage Inc.
POB 3967
Salem, OR 97306-

David and Marsha Quarles
1190 Albert Dr. SE
Salem, OR 97302-

David George
POB 69282
Portland, OR 97239-

David Hagfeldt
485 Sunwood Dr. NW
Salem, OR 97304-

Delta Auto Glass Inc.
865 E. Berkeley Street
Gladstone, OR 97027-

Dex Media
Attn: Client Care
1615 Bluff City Hwy
Bristol, TN 37620-

Dometic Corporation
attn:  Brad Sullivan
13551 Triton Park Blvd.   Ste 1000
Louisville, KY 40223-

Dominian Web Solutions (Trader
Media)
POB 3096
NORFOLK, VA 23514-

Earth 2O
812 C Street
Culver, OR 97734-

Ernest and Bonnie Rimer
c/o Young Walgenkim
838 Commercial St. NE
Salem, OR 97301-

EVAN DILLON
POB 1034
SILVERTON, OR 97381-

Fast Undercar
3146 22nd Street SE
Salem, OR 97302-

FDGL  (First Data Global Leasing)
5565 Glenridge Connector NE, Ste.
2000
Atlanta, GA 30342-

Fed Ex
3875 Airways, Module H3, Dept. 4634
Memphis, TN 38116-

Federated Insurance
121 E. Park Square
Owatonna, MN 55060-

Ferrell Gas
ONE LIBERTY PLAZA
MD40
LIBERTY, MO 64068-

FIRST DATA GLOBAL LEASING
POB 173845
DENVER, CO 80217-

Folkerts, Mike
POB 9112
Brooks, OR 97305-

Fred Punzel
POB 426
SANDY, OR 97055-

Greg and Elizabeth Harris
16360 SW King Charles Ave
King City, OR 97224-

Greg Rogers, CPA
Rogers Financial Services
2895 S. Beavercreek Road, Ste. 200
Oregon City, OR 97045

Heltzel Williams PC
117 Commercial St. NE, 4rth Floor
Salem, OR 97301-

Henry Patrick Bartle
642 Aeronca St
Independence, OR 97351-

Howe, Alice
1118 Lancaster Dr. NE #395
Salem, OR 97301-

I/O Com Inc.
18719 NE 161st Place
Woodinville, WA 98,072.00

IBEW Fed. Credit Union
re: Rimer, Ernest & Bonnie
POB 16877
Portland, OR 97292

**EXHIBIT 1**
**2 of 6**

Indeed
6433 Champion Grandview Way
BLDG1
Austin, TX 78750-

Industrial Finishes & Systems Inc
POB 2824
Eugene, OR 97402-

INDUSTRIAL WELDING SUPPLY,
INC
POB 20340
SALEM, OR 97307-

Interstate Batteries
POB 2483
EUGENE, OR 97402-

Ismael Espericueta
13432 Hobart Rd. NE
Silverton, OR 97381-

Jack and Diane Baker
1565 Princeton Rd
Woodburn, OR 97071-

James and Kathleen Jensen
5088 Linn Ln
West Linn, OR 97068-

Jerry and Shirley Strong
1565 Thompson
Woodburn, OR 97071-

Jesse Pero
5230 112th St. SW
#205
Lakewood, WA 98499-

Justin Moehlmann
25005 Yamhill River Rd
Willamina, OR 97396-

Karen Blow
519 McCaline St
Silverton, OR 97381-

Kenneth and Sherry Kinkaid
1736 Springtime Ct. NE
Keizer, OR 97303-

Kenneth Harrison Hern
11873 Chateau Dr.
Woodburn, OR 97071-

Laurelhurst Distributors
14 SE 56th
Portland, OR 97215-

Laurence Fee Coblentz
7525 Windsor Island Rd
Salem, OR 97303-

Lawson Products Inc.
8770 West Bryn Mawr Ave., Ste 900
Chicago, IL 60631-3515

Leisure Coachworks
14620 Rancho Vista Dr
Fontana, CA 92,335.00

Lowe's/Synch. Bank
1000 Lowe's Boulevard
Mooresville, NC 28117-

Lowell and LuAnn Williams
c/o William Brandt
495 State ST. Ste 500B
Salem, OR 97301-

Lowell Williams
4275 Lone Oak Rd. SE
Salem, OR 97302-

Margaret Panzer
c/o James Tschudy, Esq.
1040 NE Ave. Ste 4
Portland, OR 972 -

Margot Seitz
Counsel for WSECU
Farleigh Wada Witt
121 SW Morrison St., Ste. 600
Portland, OR 97204

Matthew and Janice Bryant
4348 Barbara Way
Salem, OR 97305-

Mercedes Busche
505 N. 11th St.
Aumsville, OR 97325-

Merrick Bank
re: Becker, Wendy & Keith
POB 9201
Old Bethpage, NY 11804-9001

Meyer Distributing
560 E. 25th Street
Jasper, IN 47546-

Michael and Kathleen Buckner
5530 Jenniches Ln SE
Salem, OR 97317-

Michael and Loretta Tyron
4417 Cheryl Ct. NE
Salem, OR 97305-

Michael and Sheila Campbell
118 Shirley St.
Molalla, OR 97038

**EXHIBIT 1**
**3 of 6**

Millenium Software (Atrex)
2000 Town Center #300
Southfield, MI 48075-

Morry and Joan McClintock
2738 Vick Ave. NW
Salem, OR 97304-

MOUNTAIN AMERICA CREDIT
UNION
ATTN: BRUCE CURTIS
735 S. STATE ST. 3RD FLR
SALT LAKE CITY, UT 84111-

NADA Membership
3186 Airway Ave, Ste K
Costa Mesa, CA 92626-

Nancy A. Snider
Illahee RV Resort
4751 Astorian St. NE
Salem, OR 97305-

Natco Trading Corp (RVT.com)
726 Cherry St. #160
POB 8000
Sumas, WA 98295-

Netsource Technologies
3700 S. Pine Ave.
Ocala, FL 34471-

Norlift of Oregon, Inc.
POB 68348
Portland, OR 97222-

Northwest IT Services
9128 SE Saint Helens St
Clackamas, OR 97015-

NTP -STAG
19801 SW 72ND
STE 300
TUALATIN, OR 97062-

NTP DISTRIBUTION
PO Box 417450
Boston, MA 02241-7450

NW Natural Gas
POB 6017
Portland, OR 97228-

OIADA
9150 SW Pioneer Ct.
Ste H
Wilsonville, OR 97070-

Oma Spriggs
1483 Rafael Dr. N.
Keizer, OR 97303-

Oregon Community Credit Union
re: Rebelez, Carlos & Kathleen
POB 77002
Springfield, OR 97475-0146

Oregon Department of Motor Vehicles
c/o Larry Purcy, Chief of Investigations
1162 Court St. NE
Salem, OR 97301-

Pacific Solutions
LINDA BRIGGS/APT 31, 827 NE
99TH AVE
Portland, OR 97220-

Pamplin Media Group
POB 22109
Portland, OR 97269-2109

Patrick and Melissa Patton
C/O SANDRA DANIEL PATTON
3710 MICHEL ST. NE
SALEM, OR 97305-

PGE
PO Box 4404
Portland, OR 97208-4404

QUILL CORPORATION
100 Schelter Rd.
Lincoinshire, IL 60069-

Ralph Thompson
2160 Santiam Dr.
Woodburn, OR 97071-

REDZIA RV
c/o RH Power & Assoc.,
9641 4th St NW
Alburqueque, NM 87114-

Richard and Nancy Miller
2120 Robins Ln. SE
#156
Salem, OR 97306-

Richard and Dawn Wagner
1511 SE 36TH TER.
CAPE CORAL, FL 33904-

Richard and Dawn Wagner
920 Huron Ct. SE
Salem, OR 97302

Richard and Maureen Beal
c/o Mark Comstock
1011 Commercial St. NE
Salem, OR 97301-

Robert J. Vanden Bos
Vanden Bos & Chapman LLP
319 SW Washington Street, Suite 520
Portland, OR 97204

**EXHIBIT 1**
**4 of 6**

Robert S. Perkins
Counsel for Jensens
4949 Meadows Rd., Ste. 400
Lake Oswego, OR 97035

SELCO COMMUNITY CREDIT
UNION
POB 7487
SPRINGFIELD, OR 97475-

Sierra Engineering Co. Inc
35111 Lodge Rd
Tollhouse, CA 93667-

Stan and Cecelia Watson
291 NW Creswell Ln
Albany, OR 97321-

Steven & Luanne Emerson
9339 Charity Ave. NE
Salem, OR 97305-

Systems 2000 (Software)
529 Northlake Blvd. Ste 1000
Altamonte Springs, FL 32702-

Timothy Callahan
4066 N. Castle Ave
Portland, OR 97227-

Travelers
attn: H. Lee Cook, Esq.
4207 SE Woodstock Blvd.   Ste 423
Portland, OR 97206-

UPS
55 Glenlake Parkway NE
Altanta, GA 30328-

US Bank NA
re: Panzer, Margaret
Bankruptcy/Recovery Dept
POB 5229
Cincinnati, OH 45201

Robin Cable
5744 36th Ave. SE
#B
Salem, OR 97317-

Service Payment Plan, Inc
303 E. Wacker Dr. Ste 230
Chicago, IL 60601-

Skywerks, Inc.
46 Village Way, PMB 187
Port Ludlow, WA 98365-

Statesman Journal
POB 677338
DALLAS, TX 75267-

Steven Potter
866 E. CLAY ST
MONMOUTH, OR 97361-

Timothy and Elizabeth Davis
180 FLAGSTONE LN
EAGLE, ID 83616-

Tina and Karen Spiker
4589 47th Ave. NE
Salem, OR 97305-

TT Marketing
336 CYBER DR.
STE 100
BEND, OR 97702-

US Agencies
c/o Monson Law Office PC
1865 NW 169th Pl.  ste 208
Beaverton, OR 97006-

VENGROFF WILLIAMS INC
POB 4155
SARASOTA, FL 34230-

Ruthann and Arnold Koch
c/o Young Walgenkim
838 Commercial St. NE
Salem, OR 97301-

Shannon R. Martinez
Counsel for Mt. Amer. Credit Union
Saalfeld Griggs PC
250 Church St., Ste. 200
Salem, OR 97301

Solange Albelo-Catalan and Angel Gil-
Fraguada
865 Sand Piper Ct. NE
Salem, OR 97301-

Stephen and Deborah Warren
1845 Wickshire Ave. SE
Salem, OR 97302-

Sun Outdoor Advertising
11221 Pacific Hwy SW
Lakewood, WA 98499-5170

Timothy and Kim Williams
12314 SE Long St.
Portland, OR 97236-

Trautman Law
530 Center St NE
Ste 150
Salem, OR 97301-3772

UNITUS COMMUNITY CREDIT
UNION
3820 MARKET ST. NE
SALEM, OR 97301-

US Bank NA
re: Emerson, Steven & Luanne
Bankruptcy/Recovery Dept
POB 5228
Cincinnati, OH 45200

Verizon
POB 4005
ACKWORTH, GA 30101-9600

EXHIBIT 1
5 of 6

Washington State Employees CU
attn: Melissa Ruiz
POB WSECU
OLYMPIA, WA 98507-

Willamette Valley Appliance
POB 21087
Keizer, OR 97303-

Wells Fargo Equipment Finance
300 Tri-State International, Ste. 400
Lincoinshire, IL 60069-4417

Wendy and Keith Becker
1270 SW MEADOW LN
DEPOE BAY, OR 97341-

William Harold Kavanaugh
11667 Grouse Ln. NE
Aurora, OR 97002-

**EXHIBIT 1**
**6 of 6**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| In re | Case No. 16-63655-tmb7 |
|---|---|
| **Northwest R.V. Sales, Inc.,** | **TRUSTEE'S SPECIAL NOTICE TO POTENTIAL CREDITORS** |
| Debtor. | |

To:    All potential creditors of Northwest R.V. Sales, Inc. ("**Northwest RV**")

From:    Jeanne E. Huffman, court-appointed Chapter 7 Trustee of Northwest RV (the "**Trustee**"), by and through her undersigned counsel at Leonard Law Group LLC

Re:    Commencement of Bankruptcy Proceeding, Filing a Proof of Claim, and State Court Bond Action

      **Please take notice that**, as set forth in the accompanying Notice of Chapter 7 Bankruptcy Case, an involuntary chapter 7 bankruptcy proceeding was commenced against Northwest RV on December 21, 2016. Jeanne E. Huffman has been appointed as the Chapter 7 Trustee for this case. Her contact info is listed on the attached Notice. If you are a creditor of Northwest RV, please review this Notice carefully.

      **Please take further notice** that this bankruptcy filing supersedes (replaces) a previous assignment for the benefit of creditors ("**ABC**") executed by Northwest RV, which had appointed Ken Eiler as the Assignee. The ABC is no longer effective. Mr. Eiler has turned over his records to the Trustee, as well as the ABC's approx. $25,000 (from Mr. Eiler's sale of the Debtor's physical assets).

      The Trustee will complete Schedules of the Debtor's assets and creditors, as well as a Statement of Financial Affairs. The Trustee will investigate and, if appropriate, pursue avoidable transfers and other claims of the company. For example, it is possible that preferential or fraudulent transfers were made to insiders. If so, they could be recovered by the Trustee for distribution to creditors.

      You should disregard the instructions in any previously-received notices in the ABC proceeding. Instead, follow the instructions in the attached notices to file a claim against Northwest RV. Any claim forms that were submitted to Mr. Eiler in the ABC proceeding will **not** be recognized in this bankruptcy proceeding. You must file a new claim with the Bankruptcy Court, by following the instructions in the accompanying notices. (However, you may wish to attach your prior claim to your bankruptcy claim as a supporting document, to explain to the Trustee the basis for your claim.)

      If you were involved in an allegedly fraudulent transaction with Northwest RV (for example, as the consigning party, its lender, or a purchaser who did not receive the title to the consigned RV), you may have other remedies. Northwest RV maintained surety bonds with Travelers Insurance, as Bond No. 042-S-106164820. Accordingly, Travelers has paid (interplead) the full $120,000 of funds into the Marion Co. Circuit Court in the case captioned *Beal v. Northwest RV Sales; Travelers, et al.*, Case No. 16CV35218. If you wish to pursue a claim to the $120,000 of bond funds, you must become a party in this Marion County Circuit Court Case No. 16CV35218. That state court bond litigation is unrelated to this bankruptcy case. You should consult a lawyer to assist you in claiming those funds in that state court case.

      The Trustee invites you to monitor and participate in the bankruptcy case, if you choose to do so, and encourages you to consult with legal counsel if you have further questions.

      DATED: April ___, 2017

                        LEONARD LAW GROUP LLC

                        By:  /s/ Justin D. Leonard
                            **Justin D. Leonard**, OSB 033736
                            Direct: 971.634.0192 / Email: jleonard@LLG-LLC.com
                            **Timothy A. Solomon**, OSB 072573
                            Direct: 971.634.0194 / Email: tsolomon@LLG-LLC.com
                      Counsel for Jeanne E. Huffman, Ch. 7 Trustee

LEONARD LAW GROUP LLC
1 SW Co...
Portland, Oregon 97258
www.leonard-law.com

**EXHIBIT 2**
**1 of 1**

SHAWN P. RYAN, OSB #901137
Gus Solomon Courthouse
620 SW Main Street, Suite 612
Portland, Oregon 97205
(503) 417-0477

Attorney for Russell Johnson

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re Northwest R.V. Sales, Inc. | ) | Case No. 16-63655-tmb7 |
| | ) | |
| | ) | DECLARATION OF RUSSELL |
| | ) | JOHNSON REGARDING DEBTOR'S |
| Debtor. | ) | DUTIES PURSUANT TO 11 U.S.C. |
| _____ | ) | SECTION 521 |

Page 1

Law Office of Shawn P. Ryan
Gus Solomon Courthouse
620 S.W. Main St., Ste. 612
Portland, OR 97205
503-417-0477
shawn@sryanlaw.com

I, RUSSELL JOHNSON, hereby declare as follows:

1.      I am the president of the Debtor and I was designated as the person to perform the duties of the Debtor pursuant to 11 U.S.C. Section 521 and Federal Rule of Bankruptcy Procedure 1007. [Doc. 5].

2.      I did not, however, receive a copy of the Order for Relief and Designating Person to Perform Duties of Debtor; Trustee Appointment prior to the February 28, 2017 hearing.

3.      I also did not receive a notice of the meeting of creditors, which I am told was held on February 24, 2017.

4.      I am willing and able to attend a continued meeting of creditors on May 4, 2017 at 2:00 p.m. at the Bankruptcy Court in Portland to be conducted by the trustee for the purpose of asking me questions related to the duties of the Debtor.

5.      I have been advised by counsel to assert my rights pursuant to the Fifth Amendment of the United States Constitution in response to certain, anticipated questions, whether at the continued meeting of creditors, a FRBP 2004 exam, or otherwise, and to not complete the schedules and lists as provided in FRBP 1007(a)(2).


March 21, 2017

              /s/ Russell Johnson
              Russell Johnson

Law Office of Shawn P. Ryan
Gus Solomon Courthouse
620 S.W. Main St., Ste. 612
Portland, OR 97205
503-417-0477
shawn@sryanlaw.com

**Justin D. Leonard**, OSB 033736
    Direct: 971.634.0192
    Email: jleonard@LLG-LLC.com
**Timothy A. Solomon**, OSB 072573
    Direct: 971.634.0194
    Email: tsolomon@LLG-LLC.com
**LEONARD LAW GROUP** LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
Fax: 971.634.0250

      Counsel for Jeanne E. Huffman, Ch. 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Northwest R.V. Sales, Inc.,**<br><br>          Debtor. | Case No. 16-63655-tmb7<br><br>**DECLARATION OF JEANNE E. HUFFMAN IN SUPPORT OF MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS** |

I, Jeanne E. Huffman, declare and state as follows:

      1.      I am the chapter 7 trustee of the estate of the above-captioned debtor (the

"**Debtor**") in the above-referenced case.

      2.      I make this Declaration in support of the motion, filed herewith, for entry

of an order, pursuant to 11 U.S.C. §§ 105(a), 521, 542, and Federal Rules of Bankruptcy

Procedure 4002 and 9001(5), both (1) designating me to perform certain duties of the Debtor,

and (2) approving a supplemental notice to creditors (the "**Motion**").

Page 1 of 5 –   **DECLARATION OF JEANNE E. HUFFMAN IN SUPPORT OF MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7    Doc 28    Filed 04/13/17

3.     On or about November 1, 2016, the Debtor voluntarily entered into an assignment for the benefit of creditors (the "**ABC**").

4.     Kenneth Eiler was the assignee of the Debtor's assets in the ABC.

5.     Mr. Eiler took possession of assets of the Debtor, including certain books and records of the Debtor, and liquidated certain assets of the Debtor. Mr. Eiler also compiled a list of potential creditors and sent out a notice of a claims bar date, as well as advising of other issues in the ABC. A copy of the Notice sent by Mr. Eiler is attached hereto as **Exhibit A**.

6.     On January 30, 2017, the Court entered its Order for Relief and Designating Person to Perform Duties of Debtor; Trustee Appointment (Docket No. 5) (the "**Order of Designation**").

7.     Upon the entry of the Order of Designation, the property held by Mr. Eiler as custodian pursuant to the ABC became property of the estate and subject to turnover to the Trustee. *See* 11 U.S.C. §§ 542, 543. Mr. Eiler has since turned over his records, including proofs of claim filed in the ABC, as well as the funds of the ABC remaining after the liquidation of the Debtor's assets by an auctioneer: approximately $25,000.

8.     Among other things, the Order of Designation required Russell Johnson, the President of the Debtor, to file documents required under Fed. R. Bankr. P. 1007 by specified deadlines, and, if he failed to do so, to appear at a hearing before the Court on February 28, 2017 to explain any failure to comply with the Order of Designation.

9.     Mr. Johnson failed to comply with the Order of Designation, and also failed to appear at the February 28 hearing.

10.    After the hearing, my counsel learned that Mr. Johnson has retained personal legal counsel Ron Hoevet (to advise on potential criminal law issues) and Shawn Ryan (to advise on bankruptcy law issues).

Page 2 of 5 – **DECLARATION OF JEANNE E. HUFFMAN IN SUPPORT OF MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7    Doc 28    Filed 04/13/17

11.     My counsel has discussed Mr. Johnson's participation in the case going forward with Mr. Ryan. I have been provided with a copy of and have reviewed the Declaration of Russell Johnson attached to the Motion.

12.     I have arranged with the United States Trustee and the Bankruptcy Court to hold the Meeting of Creditors at the Portland courthouse at 2:00 pm on May 4, 2017, in the 8th Floor Conference Room (accessible from the 7th Floor).

13.     At this continued Meeting of Creditors, Mr. Johnson may assert his Fifth Amendment rights to some questions; however, I intend to ask them anyway. I also intend to provide my own general information to the creditors in attendance regarding the bankruptcy case.

14.     Notwithstanding Mr. Johnson's nonparticipation as designee, I believe I have prepared a complete creditor matrix containing actual and potential creditors of the Estate, a copy of which is attached to the Motion as **Exhibit 1**. This matrix is based on data my counsel and I obtained from a variety of sources, including from

(a)     Mr. Eiler as ABC assignee, including his schedules of those who filed proofs of claim in the ABC;

(b)     the QuickBooks records of the Debtor, which were held by the Debtor's CPA who recently turned them over to me and my counsel;

(c)     the service list in the state court Traveler's surety bond interpleader action, referenced in Traveler's Motion for Relief from Stay (Doc. 25);

(d)     the Debtor's consignment agreements, showing lienholders and consigning parties who did not get paid, as well as the sales agreements indicating the buyers of those consigned RVs who did not received titles (documents which I received from Mr. Eiler); and

(e)     my and my counsel's communications with interested parties since my appointment.

Page 3 of 5 –     **DECLARATION OF JEANNE E. HUFFMAN IN SUPPORT OF MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7     Doc 28     Filed 04/13/17

15.     I believe I can complete reasonably accurate schedules of the Debtor, using documentation and records of the Debtor described above, together with documents from the Debtor's prior counsel Robert J. Vanden Bos, and the Debtor's QuickBooks financial records maintained by the Debtor's CPA Greg Rogers.

16.     Prior to and during the ABC, the Debtor was represented by Robert J. Vanden Bos. Mr. Vanden Bos no longer represents the Debtor, in this bankruptcy proceeding or otherwise. However, Mr. Vanden Bos has documents and information of the Debtor in his possession or control.

17.     It is my position that any documents of the Debtor in Mr. Vanden Bos's possession or otherwise are now estate property, and I hold any applicable privilege with respect to such documents.

18.     Mr. Vanden Bos has turned over documents to Mr. Ryan as Mr. Johnson's bankruptcy law counsel, which Mr. Ryan is presently reviewing for alleged privilege issues so that a privilege log can be prepared.

19.     I understand that for many years, the Debtor employed CPA Greg Rogers of Rogers Financial Services for tax preparation services. With permission of Mr. Ryan, Mr. Rogers has agreed to turn over the Debtor's QuickBooks file (purportedly containing the Debtor's financial records) as well as other records of the Debtor, including prior years' tax returns. Mr. Rogers completed his production to me and my counsel last week.

20.     I believe the documents and information obtained from Mr. Eiler and from Mr. Rogers, along with any additional documents and information held by Mr. Vanden Bos, will provide a basis for completing at least most of the Debtor's Schedules and Statement of Financial Affairs. To the extent such documents and information are not sufficient, I may seek to examine Mr. Johnson (although it seems unlikely he would answer questions) and/or subpoena third parties in an effort to obtain additional documents and information.

**Page 4 of 5 –**   **DECLARATION OF JEANNE E. HUFFMAN IN SUPPORT OF MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**   LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7    Doc 28    Filed 04/13/17

I declare under penalty of perjury under the laws of the United States and of the State of Oregon that the foregoing is true and correct, and that this Declaration was executed on this 13th day of April, 2017.

/s/ Jeanne E. Huffman
Jeanne E. Huffman

**DECLARATION OF JEANNE E. HUFFMAN IN SUPPORT OF MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

# KENNETH S. EILER, P.C

*Receiver*
*Attorney at Law*
*Bankruptcy Panel Trustee*

PMB 810
515 NW Saltzman Rd.
Portland, Oregon 97229

kenneth.eiler7@gmail.com
Phone 503.292.6020
Fax 503.297.9402

NOVEMBER 17, 2016

TO:      CREDITORS OF NORTHWEST RV SALES INC., an Oregon Corporation

RE:      **INSTRUCTIONS FOR FILING A PROOF OF CLAIM**

Greetings,

     Northwest RV Sales Inc. ceased doing business on October 31, 2016. The Company has executed an Assignment for the Benefit of Creditors in which it assigned its assets to me to liquidate. Once all remaining assets have been liquidated, tax returns filed, taxes paid, and administrative costs related thereto paid, together with any secured claims, the remaining proceeds will be distributed to general unsecured creditors.

     The Assignment for the Benefit of Creditors requires me to establish the amounts owing to the Company's creditors. To accomplish this, creditors of the Company **must** file a Proof of Claim in the form enclosed with this letter.

     The enclosed Proof of Claim form should be self explanatory. Please do not include any charges for penalties or interest accruing after November 1, 2016. Once the time for filing claims has run, I will review all of the filed claims and let you know if I have any questions. I would expect it to take up to 60 days after the claims period has run to resolve any issues that might arise.

     **Please note: If you fail to file the enclosed Proof of Claim within the time allowed, you will forfeit your right to share in any of the proceeds that I collect. <u>Claims must be received at my address set out in my letterhead within 60 days of the date of this letter.</u>**

     Several claimants have asked for my opinion concerning projected payments to allowed claims. I am very reluctant to make such a prediction. According to records provided to me by the Company, their total debt exceeds $500,000 dollars. At this time, I do not anticipate collecting over $50,000. In addition to distributing monies to claimants, the funds I am holding will be used to pay administrative expenses including preparation of the company's various state and federal tax returns.

     If you are a someone who placed their vehicle on consignment with the Company; or, if you are someone who purchased a vehicle from the Company, but has not received title to your vehicle, then you will be receiving an additional Notice enclosed with this letter. **Please note that you must also file the enclosed Proof of Claim within 60 days of the date of this letter to share in any of the proceeds that I collect.**

     Please complete and return the enclosed Proof of Claim as requested. If you have any questions, please do not hesitate to contact me. Please note that email is the best way to reach me. Thank you.

Very truly yours,
/s/ Kenneth S. Eiler
Kenneth S. Eiler
enc.

**EXHIBIT A**
**1 of 4**

# PROOF OF CLAIM

### CLAIMS MUST BE RECEIVED AT
### KENNETH S. EILER  515 NW SALTZMAN RD.  PMB 810  PORTLAND, OR.
### WITHIN 60 DAYS FROM NOVEMBER 17, 2016

IN RE:  NORTHWEST RV SALES INC.

NAME & ADDRESS OF CLAIMANT:
(NOTE: THIS IS WHERE ANY PAYMENT WILL BE SENT)

_____

_____

_____

_____

Account number if any:          _____

Phone number for claimant:      _____

Email for claimant:             _____

AMOUNT OF CLAIM:    $_____ (as of November 1, 2016)
(NOTE: you must attach documents supporting the amount of your claim)

## FAILURE TO FILE A TIMELY PROOF OF CLAIM WILL PREVENT YOU FROM SHARING IN ANY OF THE ASSETS THAT THE ASSIGNEE MAY COLLECT

The undersigned states under penalty of perjury that the information set out above, together with the supporting documents attached hereto, are true and correct.

_____
Signature

_____
Print name

**EXHIBIT A**
**2 of 4**

NOVEMBER 17, 2016                    **ADDITIONAL NOTICE**

TO:        CONSIGNMENT CREDITORS OF NORTHWEST RV SALES INC., an Oregon Corporation

RE:        **AVAILABILITY OF OTHER REMEDIES**

Greetings,

It appears that prior to closing its business, the Company sold an estimated 25 vehicles on consignment, but failed to pay the consigning party. As a consequence, purchasers of those vehicles did not receive title to their vehicle. In addition, lenders with liens on the consigned vehicles did not receive payment of their liens. The **Consigning Party** that was not paid, the **Purchaser** who did not receive title, and any **Lender** with a lien on the sold vehicle that has not been paid, is a creditor in my liquidation proceeding and should file a Proof of Claim in the manner described in the enclosed letter to All Creditors.

In addition to filing a Proof of Claim, you may have other remedies.

The Company maintained a $40,000 bond with Travelers Insurance. Many of you have already made a claim on this bond. If you wish to file such a claim, contact information is as follows. You should reference bond number 042-S-106164820.

Shannon Reilly | Claim Counsel | Travelers Bond & Specialty Insurance
Commercial Surety Claim
770 Pennsylvania Drive Suite 110
Exton, PA 19341
Ph: 610-458-2270
Fax: 888-256-5427
Email: sreilly2@travelers.com

The Oregon Department of Motor Vehicles can provide assistance to good faith purchasers wishing to obtain title to their vehicle. To request assistance, you should follow the procedures described on the attached document entitled: **PROCESS FOR OBTAINING TITLE WHERE DEALER OUT OF BUSINESS**

The Oregon Department of Justice has opened an investigation regarding the sale of consignment vehicles and the failure to remit funds to the consigning party. If you wish to be included in that investigation, you should contact the state investigators noted below:

Larry Purdy, Chief of Investigations, Oregon DMV
503-945-5287
larry.w.purdy@odot.state.or.us

Dale Geiger, Investigator, Oregon Department of Justice
503-934-4405
dale.e.geiger@doj.state.or.us

I do not anticipate being involved in these 'other remedies' except to provide information to the Bonding Company and Investigators when requested. I am also able to provide you with the name and contact information for the Purchaser and Consigning Party for your transaction. You may request this by sending an email to my attention. Thank you.

/s/ Kenneth S. Eiler
enc.

**EXHIBIT A**
**3 of 4**

## PROCESS FOR OBTAINING TITLE WHERE
## DEALER OUT OF BUSINESS

DMV does have a process whereby we assist purchasers in obtaining title for vehicles when the dealer has gone out of business without providing the title. However, that process involves attempts to obtain a release of interest from the owner(s) and security interest holder (if any). Obviously, they are not usually open to releasing interest when they have not been paid.

The process begins with the purchaser completing a Request for Investigation and submitting it to the DMV Business Regulation Unit. Here is a link to the form on the DMV website:

http://www.odot.state.or.us/forms/dmv/6504fill.pdf

The phone number for the unit is 503-945-5281.

**EXHIBIT A**
**4 of 4**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the undersigned date, I will have caused this **MOTION FOR ORDER (1) DESIGNATING TRUSTEE TO PERFORM CERTAIN DUTIES OF DEBTOR AND (2) APPROVING SUPPLEMENTAL NOTICE TO CREDITORS** to be served on interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following parties requiring special notice:

<em>none</em>

DATED:  April 13, 2017

By:  /s/ Justin D. Leonard          <br>Justin D. Leonard, OSB 033736     

**Page 1 - CERTIFICATE OF SERVICE**

Leonard Law Group LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
www.leonard-law.com

Case 16-63655-tmb7    Doc 28    Filed 04/13/17